UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:13-cr-00264-JMS-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| DEREK WALTON | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00264-JMS-MJD |
| | ) | |
| DEREK WALTON, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Derek Walton has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 86. For the reasons explained below, his motion is **DENIED**.

**I.
Background**

In 2012, Mr. Walton had temporary custody, care, or supervisory control of a girl between the ages of 13 and 14. Dkt. 39 at 2. Mr. Walton surreptitiously recorded two videos of the girl while the girl was in the shower and putting on clothes after leaving the shower. *Id.* at 2-3. In both videos, the girl's genital area was visible. *Id.* In June 2014, Mr. Walton pleaded guilty to two counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). Dkt. 65 at 1.

Mr. Walton faced a guidelines range of 180 to 210 months of imprisonment. Dkt. 55 at 10. The Court sentenced Mr. Walton to 192 months of imprisonment and imposed lifetime supervised release. Dkt. 65 at 2-3. The Bureau of Prisons ("BOP") lists Mr. Walton's anticipated release date (with good-conduct time included) as April 4, 2027. https://www.bop.gov/inmateloc/ (last visited December 18, 2023). Mr. Walton has now filed a pro se motion for compassionate release. Dkt. 86.

2

## II.
## Discussion

In his motion for compassionate release, Mr. Walton argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) he suffers from a number of serious medical conditions for which the BOP has failed to provide adequate treatment; (2) he is at risk of serious illness were he to contract COVID-19, which the BOP has failed to adequately address; (3) he wishes to be home to provide care for his minor son; and (4) he has made significant strides towards rehabilitation while incarcerated, despite a lack of programming available due to the COVID-19 pandemic. Dkt. 86 at 1, 11; Dkt. 97 at 2-5. Thereafter, Mr. Walton filed a supplement to his motion. Dkt. 97. Because Mr. Walton's motion establishes that he may be raising grounds that implicate Amendment 814 to the United States Sentencing Commission, which took effect on November 1, 2023, the Court ordered Mr. Walton to file an amended motion if he sought to invoke grounds for compassionate release under Amendment 814. Dkt. 98. Mr. Walton filed a response that he did not believe that he qualified for relief under Amendment 821 and that he rested on the arguments set forth in his original motion and supplement. Dkt. 99. The Court has concluded that it can resolve the original motion without a response from the United States.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020). The court must "consider[]

the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Defendant's motion, as appropriate.

Mr. Walton argues that his health conditions establish extraordinary and compelling circumstances warranting his release. Mr. Walton suffers from obesity, high cholesterol, IBS, acid reflux, deficiencies of vitamins D and B12, anxiety, depression, high sodium, pre-diabetes, nodular growth in his lungs, ongoing COVID symptoms, bone spurs, and cysts or tumors on his scalp. Dkt. 86 at 3; Dkt. 97 at 3. It does not appear from the record, however, that his conditions are life-threatening or debilitating, that he is unable to provide self-care, or that he is incapacitated. Accordingly, the Court declines to exercise its discretion to find that Mr. Walton has carried his burden to show that his health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason. With regard to Mr. Walton's argument that he is entitled to compassionate release due to inadequate medical care in the BOP, including a failure to address his pain and a failure to provide a biopsy for the nodular growth in his lung, Dkt. 86 at 18-19, such an allegation might form the basis for relief in a civil suit filed in Mr. Walton's district of incarceration but does not constitute grounds for a sentence reduction under § 3582(c)(1)(A).

Mr. Walton's next reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an

extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has said that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Walton is vaccinated, Dkt. 86-2 at 3, and has presented no evidence that he is unable to benefit from the vaccine. Additionally, Mr. Walton "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, Dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court finds that Mr. Walton has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.[1]

---

[1] The Court notes that one circumstance identified by the United States Sentencing Commission in its recent amendments to the Guidelines Manual as an extraordinary and compelling reason for

5

*U.S. v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022); *U.S v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023).

Mr. Walton next argues that the BOP has failed in its duty of care towards him, including by allowing toxic chemicals to enter the prison water supply and failing to protect him from COVID-19. Dkt. 86 at 19-21; Dkt. 97 at 2-3. Allegations that the BOP subjected him to inadequate conditions, thus violating Mr. Walton's constitutional rights, might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Thus, the Court declines to exercise its discretion to find that Mr. Walton carried his burden to show that the prison conditions he is allegedly subject to are an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. Walton next contends that he establishes an extraordinary and compelling reason for release because he is needed at home to care for his family. Dkt. 97 at 5. Mr. Walton says his minor son is in need of a father figure in his life because he suffers from anxiety and depression. *Id.* Under the recently amended guidelines, "the death or incapacitation of the caregiver of the defendant's minor child" can be considered an extraordinary and compelling reason for release. U.S.S.G. § 1B1.13(b)(3)(A). Mr. Walton has not provided evidence that the current caregiver for his child has died or is incapacitated. *Id.* Many inmates have children for whom they would wish to provide care and support. Such a desire is common, not extraordinary. As such, the Court finds

---

release relates to outbreak of infectious disease in prisons. U.S.S.G. 1B1.13 (Nov. 2023), but again, Mr. Walton did not invoke the new guideline.

6

that Mr. Walton has failed to meet his burden to establish that care for his child is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

That leaves Mr. Walton with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation.  While the strides Mr. Walton has made in prison are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence.  *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a stand-alone reason for compassionate release.") (cleaned up).  The Court does not find that Mr. Walton's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Even if the Court were to assume that Mr. Walton had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Walton is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2]  Weighing in his favor, he has completed his GED and various educational programming while incarcerated.  Dkt. 86-4 at 2.  Additionally, he has a residence and a job arranged if he were

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

released. Dkt. 86 at 23-24. Weighing against him, Mr. Walton committed a serious crime causing a devasting impact on a minor victim. Dkt. 46; Dkt. 47. Further, Mr. Walton is not scheduled to be released from prison until April 2027; thus, releasing him now would be a substantial reduction in his sentence. Protection of public, especially in a case such as this where the members of the public who need the most protection from Mr. Walton are minor children, also dictates against an early release.

In light of these considerations, the Court finds that releasing Mr. Walton early would not: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.
### Conclusion

For the reasons stated above, Mr. Walton's motion for compassionate release, Dkt. [86], is **denied**.

**IT IS SO ORDERED.**

Date: 1/5/2024

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Derek Walton
Register Number: 11707-028
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640